**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **ROSE DELGADO ET VIR,** | § | |
| **JOE DELGADO,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-06-39** |
| | § | |
| **CITIGROUP INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

Pending before the Court is Defendant's Motion to Dismiss The Plaintiffs' State Law Claims in Plaintiffs' Second Amended Complaint Pursuant to Rule 12(b)(6) and Brief in Support (Dkt. #17). After considering the motion and the relevant law, the Court is of the opinion that Defendant's motion should be GRANTED.

Defendant Citigroup, Inc. ("Citigroup") argues that Plaintiffs have asserted state law claims for breach of contract, mental anguish and intentional infliction of emotional distress in addition to federal claims pursuant to the Employee Retirement Income Security Act ("ERISA"). Citigroup maintains that these state law claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because they are preempted by ERISA. Plaintiffs have not responded to Citigroup's motion to dismiss.

**Background**

The following information is derived from Plaintiffs' Second Amended Complaint and is presented in the light most favorable to Plaintiffs.[1]  Prior to 1984, Plaintiff Rose Delgado

---

[1] The Court acknowledges that Plaintiff's Second Amended Complaint (Dkt. #11) appears to be erroneously composed of only two pages.  However, Plaintiffs' proposed Second

("Rose") was employed by Control Data Corporation. During her employment, Rose became entitled to certain employee benefits, including retirement and disability benefits. In March 2004, Rose became eligible to receive her retirement benefits. Despite her eligibility, Rose never received any retirement benefits. Rose presently seeks to recover the full value of her retirement benefits by asserting claims based on: (1) ERISA; and (2) "a simple contractual employment agreement that [Rose] had with her original employer, Control [Data] Corporation,[2] more than twenty years ago, which has now been dishonored." (Dkt. #8-6 at 2).

Rose further maintains that she has made several attempts to contact her benefit administrator. The only responses that she has received have consisted of erroneous statements regarding her status and entitlements. Several of Rose's letters have gone unanswered. Furthermore, phone calls made to her benefit administrator were "shuttled aside" by a computerized telephone answering system. Rose maintains that because she has not received her benefits, and because of her unsavory experiences communicating with her plan administrator, she has suffered and should recover for: (1) intentional infliction of emotional distress; and (2) mental anguish.

**Standard of Review**

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule

---

Amended Complaint, docket number 8-6, is composed of four contiguous pages. For purposes of this motion, the Court treats docket number 8-6 as if it is the operative complaint. The Court hereby grants Plaintiffs leave to re-file a correct version of the Second Amended Complaint.

[2] Plaintiffs' refer to Rose Delgado's former employer as both "Control Date Corporation" and "Control Data Corporation." (Dkt. #8-6 at 1-2). The Court believes this to be a clerical error and will refer to this employer as "Control Data Corporation."

12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in its favor. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). The court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir.1991)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998) (quoting *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994) (citation omitted)). Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).

Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. *Doss v. South Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). The function of a complaint under the Federal Rules is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). When presented with a Rule 12(b)(6) motion to dismiss, the district court must examine the complaint to determine if the allegations provide for relief on any possible theory. *Id.*

**Discussion**

Under 29 U.S.C. § 1144(a), ERISA preempts all State laws that "relate to" any applicable employee benefit plan. The Supreme Court has interpreted the terms "relate to" broadly, holding that a state law "'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). Furthermore, "any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 524 U.S. 200, 209 (2004) (citations omitted).

ERISA section 502(a) provides a civil enforcement cause of action. 29 U.S.C. § 1132(a); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999). Section 502(a)(1)(B) allows a plan participant or beneficiary to bring a civil action "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(2). "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief." *Giles*, 172 F.3d at 337.

In the present case, it is clear that Plaintiffs' breach of contract claims are preempted by ERISA. Plaintiffs' appear to assert that because a "simple contractual employment agreement" was breached, unpaid retirement benefits should be recovered. This "simple contractual

employment agreement," however, is a covered ERISA employee benefit plan.[3]  An action to recover unpaid retirement benefits under an applicable employee benefit plan clearly "relates to" that very plan because it seeks to interpret and enforce rights created under that plan.  Congress has decided that such a cause of action is properly brought under ERISA and has provided an exclusive enforcement mechanism for claims of unpaid benefits through section 502.  *See Aetna Health Inc.*, 542 U.S. at 208-09.  Therefore, because Plaintiffs' breach of contract claim relates to an applicable employee benefit plan, and because this claim seeks to supplement or supplant an exclusive ERISA remedy, the Court finds that Plaintiffs' state law claim for breach of contract is preempted by ERISA.[4]

Plaintiffs' claims of intentional infliction of emotional distress and mental anguish are also preempted by ERISA.  Plaintiffs explicitly assert that these causes of action are based on the alleged failure to pay retirement benefits and Rose Delgado's experience surrounding her various communications with the plan administrator.  (Dkt. #8-6 at 4).  These claims "relate to" the applicable employee benefit plan because they seek to remedy injuries caused by the failure to pay benefits.  If the Court was to permit such claims to be asserted, it would undermine the limited remedial scheme that Congress has created.  *See Pilot Life Ins. Co.*, 481 U.S. at 54.

---

[3] Plaintiffs have asserted a cause of action under ERISA section 502(a).  Defendants maintain that Plaintiffs' alleged plan is an ERISA plan.  Therefore, it is undisputed that the employee benefit plan in question is an ERISA plan.

[4] Several courts have found similar state law breach of contract claims to be preempted.  *E.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987)(breach of contract claim preempted); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)(breach of contract claim preempted); *Metropolitan Life Ins. Co. v. Palmer*, 238 F.Supp.2d 826, 829 (E.D. Tex. 2002)(breach of contract claim preempted); *Adams v. Unum Life Ins. Co.*, Civ. No. H-04-2179, 2005 U.S. Dist. LEXIS 32098 at **85-86 (S.D. Tex. Aug. 23, 2005)(breach of contract claim preempted).

Indeed, extracontractual damages are generally not recoverable under ERISA's civil enforcement provisions. *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 30 (5th Cir. 1993). Therefore, because Plaintiffs' intentional infliction of emotional distress and mental anguish claims relate to an applicable employee benefit plan, and because these claims seek to supplement an exclusive ERISA remedy, the Court finds that these state law claims are preempted by ERISA.[5]  Accordingly, Defendant's Motion to Dismiss The Plaintiffs' State Law Claims in Plaintiffs' Second Amended Complaint Pursuant to Rule 12(b)(6) and Brief in Support (Dkt. #17) is hereby GRANTED.

It is so ORDERED.

Signed this 8th day of February, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[5] Several courts have found similar intentional infliction of emotional distress and mental anguish claims to be preempted. *E.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)(mental anguish claim preempted); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 136 (1990)(mental anguish claim preempted); *Hogan v. Kraft Foods*, 969 F.2d 142, 144-45 (5th Cir. 1992)(intentional infliction of emotional distress claim preempted); *Sanders v. AT&T*, 2006 WL 2331161, **5-6 (E.D. La. Aug. 9, 2006)(intentional infliction of emotional distress claim preempted).