IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ROSE DELGADO et vir JOE DELGADO,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **CIVIL ACTION V-06-39** |
| | § | |
| **CITIGROUP INC. et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint. Dkt. No. 54. After considering the motion, response, and relevant law, the Court finds that Defendants' motion should be GRANTED in part and DENIED in part.

**Background**

The facts of the case were laid out in detail in this Court's Order of February 26, 2008. *See Delgado v. Citigroup, Inc.*, Civ. No. V-06-39, 2008 WL 548801 (S.D. Tex. Feb. 26, 2008). That Order granted summary judgment for Defendant Citigroup Inc. because Citigroup was not a proper defendant in Plaintiffs' ERISA case. The plaintiffs were granted leave to amend their complaint to add the correct parties as defendants. Plaintiffs have done so, filing a Third Amended Complaint listing as defendants Citibank, N.A. and the Plans Administration Committee of Citigroup Inc. *See* Dkt. No. 51.

**Standard**

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule

12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in his favor. *See, e.g.*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65, 1969 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957), "no set of facts" standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plausibility, as contrasted with speculation, is the touchstone: plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at 1974.

**Analysis**

Defendants first argue that Plaintiffs have improperly attempted to relitigate their state law claims, which this Court already dismissed. Plaintiffs respond that these claims were inadvertently left in their Third Amended Complaint and agree that they should be dismissed. Thus, Plaintiffs' state law claims in its Third Amended Complaint are dismissed.

Defendants' second argument is that the complaint ought to be dismissed as to Citigroup

based on the law of the case doctrine. Plaintiffs' complaint is not a model of clarity, but it does not appear that Plaintiffs intended to sue Citigroup again. Rather, Plaintiffs identify Citibank, N.A. and the Plans Administration Committee of Citigroup Inc. as defendants. *See* Dkt. No. 51 at 1 (introductory paragraph). Thus, to the extent that Defendants' motion asks the Court to dismiss Plaintiffs' complaint against a party that Plaintiffs did not sue, the motion should be denied as moot.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED as to Plaintiffs' state law claims and DENIED as moot as to claims against Citigroup.

It is so ORDERED.

Signed this 7th day of January, 2009.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE