IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ROSE DELGADO** *et vir*, | § | |
| | § | |
|     **Plaintiffs,** | § | |
| | § | |
| v. | § | **CIVIL ACTION V-06-39** |
| | § | |
| **THE PLANS ADMINISTRATION** | § | |
| **COMMITTEE OF CITIGROUP, INC.,** | § | |
| | § | |
|     **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Second Motion for Summary Judgment (Dkt. No. 73) and Defendant The Plans Administration Committee of Citigroup Inc.'s Motion for Summary Judgment (Dkt. No. 74). After considering the motions, responses, record, and relevant law, the Court is of the opinion that Plaintiffs' motion should be DENIED and Defendant's motion should be GRANTED.

### Background

This litigation began on April 4th, 2006, and it currently bears little resemblance to the form it took on that day. Plaintiffs Rose Delgado ("Mrs. Delgado") and her husband Joe Delgado (collectively, "Plaintiffs") originally filed suit against Citigroup Corporation for retirement benefits owed to Mrs. Delgado. As discussed in the Court's Order of February 26th, 2008 (Dkt. No. 49), Mrs. Delgado in that suit detailed her attempts to get benefits in 1995, which attempts were futile.[1] Mrs. Delgado's claims lay dormant until 2004, when she renewed her attempts to gain access to her

---

[1] It remains unclear whether Mrs. Delgado, Defendant, prior defendants in this case, or any other entity was ultimately responsible for the fact that benefits were not paid, if she was, in fact, entitled to those benefits at that time at all.

benefits. By this point, however, her retirement plan had changed hands and was being administered by defendant The Plans Administration Committee of Citigroup ("Defendant"). After much struggle involving unanswered letters, unreturned phone calls, and paperwork left uncompleted,[2] Plaintiffs filed their initial complaint. On February 26th, 2008, the Court granted summary judgment for Citigroup and denied same for Plaintiffs because Citigroup was not the proper defendant to sue for benefits. The Court granted Plaintiffs leave to amend their complaint to sue the correct party.

In October of 2008, Mrs. Delgado began receiving her retirement benefits. She was also paid a lump sum for past benefits. This lump sum included $2,881.26 of interest, and $7,471.61 was withheld to pay income taxes. Because they believe they are entitled to more than they received in this lump sum, and because they believe Defendant is subject to statutory penalties for failure to comply with ERISA requirements to provide certain information to plan participants, Plaintiffs filed their third amended complaint (Dkt. No. 51) on October 16th, 2008. That complaint was subsequently amended on January 13th, 2009. (Dkt. No. 60.) The parties filed their motions for summary judgment on November 2nd, 2009 and their responses on November 20th and 21st.

**Legal Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary

---

[2] Again, the Court has never determined fault in this case. Both Mrs. Delgado and the various entities with which she has dealt have apparently neglected to fully cooperate with the other side. Fortunately, the Court is not in a position where fault needs to be determined.

judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations," or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (quoting *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994)).

**Analysis**

Plaintiffs make three claims for relief in the live complaint.  First, Plaintiffs seek additional interest on top of that paid by Defendant on the lump sum settlement.  Second, Plaintiffs request that the Court impose statutory penalties on Defendant for failing to send Plaintiff information that

ERISA requires plan administrators to provide to participants. Third, Plaintiffs request that the Court order Defendant to pay Plaintiffs' attorney's fees and costs.

### A. Interest

Plaintffs make two claims for interest. First, Plaintiffs argue that the Court should award additional interest because the interest paid on the lump sum back benefits payment should have been compound, rather than simple, interest. Second, Plaintiffs argue that they should be paid interest on the amount that was withheld to pay income taxes.

### 1. Simple or Compound Interest

Defendant included interest in their lump sum payment to Plaintiffs. Plaintiffs complain that the interest was calculated as simple interest, however, and argue that it should have been compounded yearly, or even monthly.[3] Of course, there has been no judgment awarding damages in this case, but the Third Circuit, in *Skretvedt v. E.I. DuPont de Nemours*, 372 F.3d 193 (2004), held that a court could award interest on wrongfully withheld benefits even without a judgment ordering payment of those benefits.

The difficulty for Plaintiffs is that their claim for interest is necessarily brought under 29 U.S.C. § 1132(a)(3)(B)(i), which permits participants "to obtain . . . appropriate equitable relief to redress . . . violations" of ERISA. Asking for interest is essentially a claim for money damages, which the Supreme Court has made clear is not part of the equitable relief available under ERISA. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256-57 (1993). The Third Circuit in *Skretvedt* resolved this problem by holding that a plaintiff can seek restitution (a common equitable remedy) via

---

[3] Plaintiffs include a calculation of how much they believe they should receive if the interest is compounded yearly, but decline to do so regarding a monthly compounding, apparently believing that such a calculation is better left to the Court.

4

constructive trust on the theory that the defendant is holding property that actually belongs to the plaintiff. *Skretvedt*, 372 F.3d at 214.

Plaintiffs, however, have addressed no argument to the question of why equity demands that they be paid on a compound interest basis rather than simple interest. It is true that the general federal prejudgment interest statute, 28 U.S.C. § 1961, requires compounding interest annually. 28 U.S.C. § 1961(b). Here, however, that statute does not apply: there is no judgment onto which interest is being added. Because Plaintiffs have failed to address any argument or evidence to the question of how the balance of the equities requires additional interest to be paid, and because there are no disputed relevant facts on the question of the interest payment, Plaintiffs' motion for summary judgment on this point will be denied and Defendant's motion will be granted.

**2. Income Tax Withholding**

Plaintiffs also claim that they are owed interest for another reason. On the lump sum payment of back benefits, Plaintiffs claim that they requested that Defendants *not* withhold money for income taxes, preferring to take the money at the time of payment and pay the taxes themselves. Plaintiffs point to a form that included a box they checked stating "I don't want to withhold for federal taxes" and another stating "I don't want to withhold for state taxes." (Dkt. No. 73, Attachment #2, at page with Bates Stamp number CITI/DELGADO 000791.) Defendant, however, claims that it never received this form. It points to a packet of elections sent by Plaintiffs' counsel to both Defendant and Defendant's counsel in which the relevant page, indicating that taxes should not be withheld, does not appear. (Dkt. No. 78, Exh. F, Attachment 10, Pg. 328-41.)

Plaintiffs' evidence is not convincing. They point to a single page that is labeled a "worksheet." This page has no space for a signature that verifies Mrs. Delgado's choices and

Plaintiffs do not include any related paperwork telling Mrs. Delgado where to mail this form. Indeed, it is clear that context is missing from Plaintiffs' submission because the tax worksheet includes the notation "page 2" in the upper right corner. Plaintiffs do not point the Court to page 1. Defendant, fortunately, has provided the appropriate context by including page 1 in its submitted summary judgment evidence. (*See* Dkt. No. 78, Exh. F, Attachment 14, Pg. 357-58.) Page 1 (*id.* at 357) clearly states that the income tax withholding worksheet should not be mailed. Rather, it is a worksheet to be filled out in anticipation of making the income tax withholding election online or via phone.

Plaintiffs' motion (Dkt. No. 73 at 14) claims that Defendant's counsel acknowledge in a letter that Mrs. Delgado had, in a phone conversation, elected to decline income tax withholding. That letter, however, states no such thing. (*See* Dkt. No. 73, Attachment #2, at pages with Bates Stamp number CITI/DELGADO 000794-96.) Rather, Defendant's counsel states in that letter that Mrs. Delgado "changed her election to married with '0' during a second telephone call that Ms. [sic] Delgado initiated." (*Id.* at 000795.)

Thus, the evidence in the record does not support Plaintiffs' claim that Defendant improperly withheld for income taxes. Plaintiffs' motion on this point will be denied and Defendant's will be granted.

### B. Statutory Penalties

Plaintiffs argue that Defendant violated ERISA by not sending them certain information as required by the statute. Plaintiffs' claim is brought under 29 U.S.C. § 1132(c)(1), which states in relevant part:

(1) Any administrator

> (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title, section 1021(e)(1) of this title, section 1021(f) of this title, or section 1025(a) of this title with respect to a participant or beneficiary, or
>
> (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. . . .

Specifically, Plaintiffs claim that Defendant has violated 29 U.S.C. § 1024(b)(1) and 29 U.S.C. § 1025(a)(1)(B). The former provision, however, is not mentioned in 29 U.S.C. § 1132(c)(1)(A) as a possible basis for liability, so it is irrelevant here. As for section 1025(a)(1)(B), that subsection reads, in relevant part:

> The administrator of a defined benefit plan . . . shall furnish a pension benefit statement–
>
> (i) at least once every 3 years to each participant with a nonforfeitable accrued benefit and who is employed by the employer maintaining the plan at the time the statement is to be furnished, and
>
> (ii) to a participant or beneficiary of the plan upon written request.

Taking subsection (ii), the written request provision, first, Plaintiffs' motion only cites evidence of attempts to communicate with parties that are not the current Defendant. (*See* Dkt. No. 31, Attachment 4, at Bates Number 0062-65 (requesting documents from Commercial Credit on May 4, 1995); 0066 (requesting payment of benefits from Commercial Credit on May 8, 1995); 0067 (requesting payment of benefits from The Travelers, Inc. on April 20, 2004); 0071 (requesting payment of benefits from Hewitt Benefits Service Center on April 11, 2005)).  Assuming that

Plaintiffs intend to rely on some theory that Defendant is responsible for the alleged inaction of these other entities, they have made no legal argument regarding why the Court should hold Defendant liable for these alleged misdeeds, merely referring in conclusory fashion to these other entities as Defendant's "predecessors." Even assuming that Defendant has any liability for the alleged inaction of these entities, only one of the cited letters actually makes a request for information, as opposed to a request for payment of benefits. (*See* Dkt. No. 31, Attachment 4, at Bates Number 0062-65.) However, this letter was written on May 4, 1995. The statute of limitations for an ERISA action claiming that the administrator did not provide requested information borrows the underlying state statute of limitations for breach of fiduciary duty. *Hatteberg v. Red Adair Co., Inc. Employees' Profit Sharing Plan*, 79 Fed. Appx. 709, 715 (5th Cir. 2003). At the time of the *Hatteberg* case, that limitations period was two years, but the current statute, TEX. CIV. PRAC. & REM. CODE § 16.004(a)(5), provides a four-year limitations period. Even giving Plaintiffs credit for beginning this suit in 2006, despite not yet having named or served Defendant at that point, the four-year period from the time of the May 4, 1995 letter has long elapsed.

Plaintiffs also attempt to rely on subsection (i) by claiming that they have not received a statement at any time since Defendant took over administration of the plan. However, subsection (i), by its express terms, limits itself to participants "employed by the employer maintaining the plan at the time the statement is to be furnished." 29 U.S.C. § 1025(a)(1)(B)(i). It is not disputed that Mrs. Delgado has not been employed since 1984.

Subsection (i) does not apply to Plaintiffs and Plaintiffs have failed to carry their burden of proof regarding the mailing of written requests for information to this defendant. Thus, Plaintiffs' motion on this point will be denied and Defendant's motion will be granted.

**C. Attorney's Fees**

Plaintiffs have asked the Court to enter an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g). There are, following *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir. 1980), a number of factors for the Court to consider in determining whether to award attorney's fees in an ERISA action:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id.* at 1266. The Fifth Circuit made clear that these factors are merely suggestive by stating that "a court should consider *such factors as*" the five listed above, *id.* (emphasis added), and that "[n]o one of these factors is necessarily decisive . . . ." *Id.*

The first and third factors are very closely related. To the extent there is bad faith, punishing that bad faith would result in deterrence; to the extent there is not bad faith, there is no deterrence effect to be gained. As to those factors, then, the Court does not believe that Plaintiff has presented evidence that *this* defendant has acted in bad faith or is particularly culpable. Plaintiff's counsel has filed both a motion for summary judgment (Dkt. No. 73) and a response to Defendant's motion (Dkt. No. 79) and in neither does he point the Court to any evidence in the record indicating bad faith or culpability on the part of Defendant. The Court has similarly not been directed to any evidence in the record regarding Defendant's ability to pay an award of attorney's fees. Thus, the first, second, and third factors all weigh against awarding fees and costs.

As to the fourth factor, Plaintiffs here act entirely on their own and no significant questions

about ERISA or the benefits plan are at stake. Thus, the fourth factor also weighs against an award of fees.

Finally, the merits of the parties' positions mostly points against Plaintiffs. The Court is denying Plaintiffs' motion for judgment on all of the issues in the live complaint. As to counsel's work done prior to naming Defendant in this suit, Defendant can hardly be held responsible for work done to prepare motions for summary judgment against other parties.

Thus, none of the factors the Court is to consider point toward an award of fees and costs being appropriate. As such, Plaintiffs' motion for summary judgment as to attorney's fees is denied, and Defendant's motion on said issue is granted.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment (Dkt. No. 73) is DENIED. Defendant's Motion for Summary Judgment (Dkt. No. 74) is GRANTED.

It is so ORDERED.

Signed this 4th day of March, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE